134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clinton Lee DANIELS, aka aka Dijon Daytwon Davis, Defendant-Appellant.
 No. 97-50032.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1998.
Decided Jan. 26, 1998.
 
 Before: LAY**, GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Clinton Lee Daniels appeals from his conviction for use of a firearm during an armed robbery in violation of 18 U.S.C. 924(c). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.
 
 I.
 
 3
 The jury found Daniels guilty by general verdict of armed robbery and use of a firearm during a crime of violence. Daniels now argues before this court that the conviction on the firearm count should be reversed because the district court impermissibly refused to admit into evidence a co-participant's admission to the police that he, and not Daniels, carried the firearm during the armed robbery.
 
 
 4
 Under Rule 804(b)(3) of the Federal Rules of Evidence, an out-of-court statement may be admitted to exculpate a defendant only if the defendant can show three things: (1) that the declarant is unavailable, (2) that the statement was truly against the declarant's penal, proprietary, or pecuniary interests at the time it was made, and (3) that the corroborating circumstances clearly indicate the trustworthiness of the statement. F.R.E. 804(b)(3).
 
 
 5
 In this case, the only issue in dispute was whether there were corroborating circumstances clearly indicating the trustworthiness of the co-participant's exculpatory statements. After hearing argument on the issue, the district court determined that Daniels had not, in fact, shown the court that there were corroborating circumstances clearly indicating the trustworthiness of the statements.
 
 
 6
 Because a careful review of the record indicates that the district court did not abuse its discretion in so finding, Daniels' conviction on the use of a firearm count is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 **
 Honorable Donald P. Lay, United States District Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3